**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway, Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com
*Attorneys for Plaintiff*

| | |
|---|---|
| Ivan Espinosa,<br><br>                 *Plaintiff,*<br><br>    v.<br><br>KRATOS CAPITAL MANAGEMENT LLC d/b/a Kratos Drywall Systems, and Joseph Kastiotis,<br><br>               *Defendants.* | Docket No. 7:26-cv-04139<br><br>CIVIL ACTION<br><br>COMPLAINT |

Plaintiff Ivan Espinosa, by and through his undersigned attorneys, for his complaint against defendants KRATOS CAPITAL MANAGEMENT LLC d/b/a Kratos Drywall Systems, and Joseph Kastiotis (hereinafter collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff Ivan Espinosa, a former employee of Defendants, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to recover from Defendants, jointly and severally: (i) unpaid overtime compensation for hours worked in excess of forty (40) hours per week for which he did not receive overtime premium pay as required by law, (ii) unpaid wages for all hours worked for which he was not compensated; and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.,

1

because the Defendants' violations were willful and lacked a good faith basis.

2.    Plaintiff further complains that he is entitled to recover from Defendants: (i) back wages for unpaid overtime premium for overtime work, which Defendants willfully failed to pay as required by the New York Labor Law §§ 650 et seq. ("NYLL") and the supporting New York State Department of Labor regulations; (ii) back wages for hours worked for which Defendants failed to compensate Plaintiff; (iii) liquidated damages pursuant to the NYLL for these violations; and (iv) statutory damages for the Defendants' violations of the Wage Theft Prevention Act, each of which violations caused Plaintiff financial harm.

## PARTIES

3.    Plaintiff Ivan Espinosa (hereinafter, "Plaintiff Espinosa" or "Plaintiff") is an adult individual, residing in Middletown, New York.

4.    At all times relevant herein, KRATOS CAPITAL MANAGEMENT LLC d/b/a Kratos Drywall Systems (hereinafter, "Kratos LLC") has been a domestic business company organized under the laws of the State of New York with principal places of business at 700 Bedford Road, Armonk, New York 10504, and 36 Westview Avenue, Suite 1C, Tuckahoe, New York 10707.

5.    At all times relevant herein, defendant Kratos LLC has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of

2

the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

6. Upon information and belief, at all relevant times, defendant Kratos LLC has had gross revenues in excess of $500,000.00.

7. Upon information and belief, at all relevant times herein, defendant Kratos LLC has used goods and materials produced in interstate commerce and have employed at least two individuals who handled such goods and materials.

8. Defendant Joseph Kastiotis (hereinafter, "Kastiotis") is an adult individual, residing in this district, and is an owner or part owner and principal of Kratos LLC, and/or a manager of the business who has the power to hire and fire employees, set wages and work schedules, and maintain their records, including those of Plaintiff.

9. At all times relevant herein, Defendant Kastiotis has been involved in the day-to-day operations of Kratos LLC and played active role in managing the business, scheduling, supervising and paying Plaintiff during his employment by Defendants.

10. At all relevant times herein, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12. In addition, the Court has jurisdiction over Plaintiff's

claims under the FLSA pursuant to 29 U.S.C. § 216(b).

13.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## FACTS

14.  At all relevant times herein, Defendants owned and operated a construction business, doing business under the name Kratos Drywall Systems.

15.  Plaintiff Espinosa was employed by Defendants at Kratos Drywall Systems from approximately February 5, 2023, to October 24, 2025, performing construction and drywall work.

16.  Plaintiff Espinosa's work at Kratos Drywall Systems was performed in the normal course of Defendants' business, was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

17.  At all relevant times herein, while employed at Kratos Drywall Systems, Plaintiff Espinosa was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

18.  During his employment for Defendants, from February 5, 2023, through October 24, 2025, Plaintiff Espinosa had a regular work schedule of six (6) days a week: Monday through Saturday, from 8:00 a.m. to 5 p.m.; totaling approximately 54 hours per week; with

4

Sunday off.

19. During his employment at Kratos Drywall Systems, Plaintiff Espinosa was paid by Defendants weekly, by check, a fixed daily salary of $175 per day.

20. Plaintiff Espinosa received the fixed daily amounts described herein above regardless of the exact number of hours worked in a given week, and did not receive any overtime premium for hours worked in excess of forty (40) hours per week.

21. During Plaintiff's employment at Kratos Drywall Systems, Defendants sometimes paid Plaintiff with checks that were returned unpaid due to insufficient funds.

22. During Plaintiff's employment with Defendants and thereafter, Plaintiff repeatedly contacted Defendants to notify them that certain checks issued to him had been returned unpaid due to insufficient funds, and further repeatedly followed up with Defendants regarding proper payment of the unpaid wages. However, to date Defendants still owe Plaintiff approximately $31,000 in unpaid wages.

23. Defendants' failure to pay Plaintiff for all hours worked was willful and lacked a good faith basis, because Defendants set Plaintiff's work schedule and compensation, and therefore they were aware that they were not compensating Plaintiff for all hours worked, during his employment for Defendants.

24. Defendants also failed to pay Plaintiff any overtime compensation at least equal to one-and-one-half (1.5) times the

5

greater of Plaintiff's regular rate of pay or the applicable New York State minimum wage in effect for all hours he worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

25. Defendants' failure to pay Plaintiff the overtime premium for additional overtime hours he worked was willful and lacked a good faith basis, because Defendants set Plaintiff's work schedule and compensation, directly paid him, and therefore they were aware that he was working in excess of forty hours per week, and that he was not compensated at the lawful overtime rate, during his employment with Defendants.

26. Plaintiff Espinosa has received no paystubs and/or wage statements of any sort with his pay during his employment by Defendants, which has caused him financial harm as a result of him not being informed of the actual amount he was paid on an hourly basis, and the lawfully applicable rates of pay owed him at all relevant times herein.

27. Defendants also have failed to provide Plaintiff Espinosa with a written notice providing the information required by the Wage Theft Prevention Act – including, inter alia, the Defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time,

causing him financial harm resulting from him not being informed of the actual amount he was paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

28. Defendants failed to provide Plaintiff with weekly records reflecting his compensation and hours worked during his employment by Defendants, in violation of the Wage Theft Prevention Act causing him financial harm resulting from him not being informed of the actual amount he was paid on an hourly basis and the lawfully applicable rates of pay owed him at all relevant times herein.

29. Upon information and belief, while Defendants employed Plaintiff, and throughout all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I
### Violations of the Fair Labor Standards Act
### (Failure to Pay Overtime Compensation)

30. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

31. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

32. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff proper overtime compensation at rates at least equal to one-and-one-half (1.5) times the greater of Plaintiff's regular rate of pay or the applicable New York State

minimum wage in effect for each of the hours he worked in excess of forty hours per workweek.

33. As a result of Defendants' willful failure to compensate Plaintiff at the lawful overtime rate of pay for each hour of work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

34. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260, because Defendants set Plaintiff's work schedule and compensation, paid him, and therefore were aware that Plaintiff was working in excess of forty hours per week, and that they were not compensating Plaintiff at the lawful overtime rate, during his employment with Defendants.

35. Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II
### Violations of New York Labor Law
### (Failure to Pay Overtime Compensation)

41. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again

herein.

42.   At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

43.   Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least equal to one-and-one-half (1.5) times the greater of Plaintiff's regular rate of pay or the applicable New York State minimum wage in effect for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations.

44.   Defendants' failure to pay Plaintiff overtime compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Defendants set Plaintiff's work schedule and compensation, paid him, and therefore were aware that Plaintiff was working in excess of forty hours per week, and that they were not compensating Plaintiff at the lawful overtime rate, during his employment with Defendants.

45.   Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III
### Violations of New York Labor Law
### (Failure to Pay For All Hours Worked)

46. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

48. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff for all hours worked, by issuing checks that were subsequently returned unpaid due to insufficient funds. As a result, to date Defendants still owe Plaintiff approximately $31,000 in unpaid wages.

49. Defendants willfully violated Plaintiff's rights by failing to pay him for all hours worked in violation of the New York Labor Law, and its supporting regulations.

50. Defendants' failure to pay Plaintiff for all hours worked was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations, because Plaintiff repeatedly contacted Defendants during his employment and thereafter to notify them that certain checks issued to him had been returned unpaid due to insufficient funds, and further repeatedly followed up with Defendants regarding proper payment of the unpaid wages. Accordingly, Defendants were aware that Plaintiff had not been compensated for all hours worked and that they still owe him approximately $31,000 in unpaid wages.

10

51. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages for all hours worked, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV
### (New York Labor Law - Wage Theft Prevention Act)

52. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times herein, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices and statements required by the Wage Theft Prevention Act when he was hired, or at any time thereafter, causing financial harm to Plaintiff by preventing him being aware of, informed of and from receiving his lawfully owed compensation including minimum wage, overtime premium and spread-of-hours premium.

55. Defendants have continued to willfully violate Plaintiff's rights by failing to provide him with weekly wage statements regarding his overtime pay, required by the Wage Theft Prevention Act at any time during his employment, causing financial harm to Plaintiff by preventing him from receiving his lawfully owed

compensation including overtime premium.

56. Due to the Defendants' New York Labor Law violations relating to the failure to provide Plaintiff with the paystubs, and the resulting financial harm caused, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day, for each day of his employment by Defendants, up to the maximum statutory damages.

57. Due to the Defendants' New York Labor Law violations relating to the failure to provide wage notices, and the resulting financial harm caused, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day for each day of his employment by Defendants, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

> A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;
>
> B. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;
>
> C. A compensatory award of unpaid wages for all

12

hours worked due under the FLSA and New York Labor Law.

D. A compensatory award of unpaid overtime compensation, at the statutory overtime premium rate, due under the FLSA and the New York Labor Law;

E. An award of liquidated damages as a result of the Defendants' willful failure to pay wages for all hours worked and overtime compensation pursuant to 29 U.S.C. §216;

F. An award of liquidated damages for the Defendants' New York Labor Law violations;

G. An award of statutory damages for the Defendants' violation of the New York Wage Theft Prevention Act;

H. Back pay;

I. Punitive damages;

J. An award of prejudgment and post-judgment interest;

K. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

L. Such other, further, and different relief as

this Court deems just and proper.


Dated: May 18, 2026
       New York, New York


                                    ___/s/ Michael Samuel___
                                    Michael Samuel, Esq. (MS 7997)
                                    THE SAMUEL LAW FIRM
                                    1441 Broadway
                                    Suite 6085
                                    New York, New York 10018
                                    (212) 563-9884
                                    *Attorneys for Plaintiff*

14